IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GETAGADGET, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § | Civil Action No. 1:17-cv-00299 |
| EVERGREEN ENTERPRISES OF VIRGINIA, LLC, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiff, Getagadget, LLC ("Getagadget"), files this Original Complaint against Defendant, Evergreen Enterprises of Virginia, LLC ("Evergreen"), and for cause of action would show the Court as follows:

## I. PARTIES

1.      Plaintiff, Getagadget, LLC, is a Texas limited liability company with its principle place of business at 6406 Burleson Rd., Suite #120, Austin, Texas 78744.

2.      Upon information and belief, Defendant, Evergreen Enterprises of Virginia, LLC, is a Delaware limited liability company with its principal place of business at 5915 Midlothian Turnpike, Richmond, Virginia 23225.   Evergreen manufactures, uses, sells, and/or offers to sell in the United States, and/or imports into the United States, bottle openers.   Evergreen's bottle openers are marketed, offered for sale, and/or sold throughout the United States, including within the State of Texas.

## II. JURISDICTION AND VENUE

3.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.   This Court has exclusive subject matter jurisdiction under 28

**ORIGINAL COMPLAINT**                                                                                          Page 1 of 8

U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Defendant Evergreen for at least the following reasons:   (i) Evergreen regularly transacts and solicits business, engages in other persistent course of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas; (ii) Evergreen has purposefully established substantial, systematic and continuous contacts with Texas and expects or should reasonably expect to be subjected to this Court's jurisdiction; and (iii) Evergreen, directly or through subsidiaries or intermediaries (including distributors, retailers and others), sells or offers for sale the infringing products in Texas.

5.      Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391(b)-(d) and 1400.

### III. THE '790 PATENT

6.      United States Patent No. D611,790 ("the '790 Patent"), titled "Shark Body Bottle Opener," was duly and legally issued after full and fair examination to inventor James Douglas Welch, on March 16, 2010, and a copy of the '790 Patent is attached hereto as Exhibit A.

7.      Plaintiff Getagadget owns by assignment the entire right, title and interest in the '790 Patent.

### IV. FACTUAL BACKGROUND

8.      Getagadget is a leader in bottle openers, as well as novelty products and other items.   The inventor of the '790 Patent is an owner of Getagadget.

9.      Evergreen is and/or has been making, using, selling, and/or offering to sell products in the United States, and/or importing into the United States, including, but not

**ORIGINAL COMPLAINT**                                                    Page 2 of 8

limited to, products identified by Evergreen as Shark Bottle Opener "ERGRN 16 3236113" (the "Bottle Opener Products"), which infringe the claim of the '790 Patent.

10.     Evergreen has not obtained a license under the '790 Patent.

## Count 1 – DIRECT INFRINGEMENT OF THE '790 PATENT

11.     Getagadget repeats and realleges the allegations in paragraphs 1-10 as though fully set forth herein.   As described below, Evergreen has infringed and/or continues to infringe the '790 Patent.

12.     Evergreen's making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, the Bottle Opener Products infringes the claim of the '790 Patent.

13.     Evergreen's infringement is illustrated in the side-by-side comparisons of the '790 Patent to Evergreen's Bottle Opener Products, shown below:

**'790       Patent       Evergreen Bottle Opener Products**



14.     Accordingly, Evergreen infringed and continues to infringe the '790 Patent by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, one or more of the Bottle Opener Products identified in this Complaint, which embody the design covered by the '790 Patent.

15.     Getagadget is entitled to recover from Evergreen for its acts and practices of infringement the damages sustained as a result of Evergreen's wrongful acts in an amount subject to proof at trial.

16.     Getagadget is entitled to recover from Evergreen for its acts and practices of infringement the total profits of Evergreen as a result of its wrongful acts in an amount subject to proof at trial.

17.     In addition, the infringing acts and practices of Evergreen have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Getagadget for which there is no adequate remedy at law, and for which Getagadget is entitled to injunctive relief under 35 U.S.C. § 283.

18.     Evergreen received actual notice of its infringement of the '790 Patent, at least by way of this Complaint.

### Count 4 – INDUCED INFRINGEMENT OF THE '790 PATENT

19.     Getagadget repeats and realleges the allegations in paragraphs 1-18 as though fully set forth herein.   As described below, Evergreen has induced and/or continues to induce infringement of the '790 Patent.

20.     Evergreen also indirectly infringes the '790 Patent.   Evergreen has willfully

contributed to and has induced direct infringement of the '790 Patent by offering and selling Bottle Opener Products through distributers, retailers, and or end users that, upon sale or use, will directly infringe the '790 Patent.

21.    Evergreen indirectly infringes the claim of the '790 Patent by inducing the direct infringement of others, including, without limitation, distributors and purchasers of the Bottle Opener Products, in accordance with 35 U.S.C. § 271(b).

22.    Evergreen had actual notice of the '790 Patent, at least by way of this Complaint.

23.    Evergreen's affirmative acts of offering for sale and selling the Bottle Opener Products will induce distributors and purchasers of the Bottle Opener Products, through the normal and intended distribution and use of the Bottle Opener Products, to infringe the '790 Patent.   Accordingly, Evergreen performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '790 Patent and with the specific intent, knowledge or willful blindness that the induced acts would constitute infringement.

## DEMAND FOR JURY TRIAL

Getagadget hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Getagadget respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.    Adjudge that Defendant Evergreen infringes the '790 Patent;

B.    A judgment and order requiring Evergreen to pay Getagadget all damages caused by Evergreen's infringement of the '790 Patent, pursuant to 35

U.S.C. § 284, or requiring Evergreen to pay Getagadget the total profit made by Evergreen from its infringement of the '790 Patent, pursuant to 35 U.S.C. § 289;

C.    A judgment and order requiring Evergreen to pay Getagadget increased damages up to three times the amount found or assessed against Evergreen for infringement of the '790 Patent, pursuant to 35 U.S.C. § 284;

D.    An order against Evergreen for an accounting of profits in respect of the '790 Patent;

E.    Enter a preliminary injunction, and following trial, a permanent injunction enjoining Defendant Evergreen, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, from further acts of infringement of the '790 Patent;

F.    A judgment and order requiring Evergreen to pay Getagadget pre-judgment and post-judgment interest to the full extent allowed under the law;

G.    A judgment and order requiring Evergreen to pay Getagadget supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

H.    A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285.

I.    An award of Getagadget's attorneys' fees for bringing and prosecuting this action;

J.    An award of Getagadget's costs and expenses incurred in bringing and

**ORIGINAL COMPLAINT**                                                                              Page 7 of 8

prosecuting this action; and

K.    Such further and additional relief as the Court may deem appropriate and

      just under the circumstances.


Dated:   April 7, 2017                    Respectfully submitted,

                                          **THE LAW FIRM OF H. DALE LANGLEY, JR., PC**

                                          ___/s/ H. Dale Langley, Jr./_____
                                          H. Dale Langley, Jr.
                                          Texas Bar No.11918100
                                          1803 West Avenue
                                          Austin, TX 78701
                                          Telephone:   (512) 477-3830
                                          Fax:   (512) 597-4775
                                          dlangley@iptechlaw.com

                                          **MATTHEW J. BOOTH & ASSOCIATES, PLLC**
                                          Matthew J. Booth
                                          Texas Bar No. 02648300
                                          5501A Balcones Dr. STE 301
                                          Austin, TX 78731-4907
                                          Telephone:   (512) 474-8488
                                          Fax:   (512) 474-7996
                                          matthew.booth@boothlaw.com

                                          **ATTORNEYS FOR PLAINTIFF
                                          GETAGADGET, LLC**